# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

LAGUERRE LENSENDRO

*claimant*

v

First Source Advantage LLC

*Respondent*

## LAWSUIT

### I. Nature Of Suit

1. This is a civil action brought by me, Laguerre Lensendro, against Respondent First Source Advantage LLC for violations of the Fair Debt Collection Practices Act (**FDCPA**), 15 U.S.C. § 1692 et seq., and New York General Business Law (GBL) § 349, for **Respondent unjustly been enriched itself through deceptive and unlawful debt collection practices, including the wrongful collection of funds without its legal authority to do so.**

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, for I am asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

3. This Court has supplemental jurisdiction over my state law claims, pursuant to 28 U.S.C. § 1367, as these claims arise from the same set of facts and circumstances as the federal claims.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because respondent First Source Advantage LLC is headquartered and conducts business in the State of New York; and the wrongful acts and deceptive business practices giving rise to this action originated within the State of New York.

III.   Parties

5. I am a natural person and taking abode within the State of Connecticut, and I am a "consumer" as defined under 15 U.S.C. § 1692a(3).

6. Respondent, First Source Advantage LLC, is a debt collector headquartered at 205 Bryant Woods South, Amherst, New York 14228. Respondent engaged in the business of collecting debts from consumers outside of the state of New York.

7. At all times relevant to this action, Respondent acted as a "debt collector" as defined by 15 U.S.C. § 1692a (6).

IV.   Statement of Facts

8. On or about January 27, 2025, I received a debt collection notice from Respondent First Source Advantage LLC, demanding payment for an alleged debt purportedly owed to American Express. [please see exhibit 1 pgs. 1&2]

9. On February 1, 2025, I tendered the full amount demanded by Respondent, which was delivered and received by Respondent. [Please see exhibit 2 pgs. 1&2 & exhibit 4]

10. In addition, I submitted a written request to respondent, demanding:

    (a) Proof of Respondent's legal authority to collect the debt on behalf of American Express; and

    (b) Proof that Respondent was licensed and authorized to collect debts within the State of Connecticut, where I resides. [Please see exhibit 3]

11. Despite proof of Respondents receipt of my correspondence, Respondent failed to provide any response to my request.[ Please see exhibit 4]

12. As of March 3, 2025, Respondent has not provided me with proof of its legal authority to collect the debt on behalf of American Express.

13. As of March 3, 2025, Respondent has not provided me with proof that it was authorized to collect debts within the State of Connecticut.

V.   Count 1: VIOLATION of 15 U.S.C. § 1692e(10)

14. I incorporate Paragraphs 1 through 13 as if fully stated herein by reference.

15. 15 U.S.C. § 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

16. First Source Advantage LLC demanded and accepted payment from me for an alleged debt without providing verification of its legal authority to collect the debt.

17. After making my payment, I sent a written request asking for both proof that First Source Advantage LLC had legal authority to collect the alleged debt on behalf of American

Express; and proof that First Source Advantage LLC was authorized to collect debts in Connecticut, where I reside.

18. First Source Advantage LLC failed to respond to my request and never provided any verification of its legal right to collect the debt.

19. First Source Advantage LLC refused to provide proof that it had authority to collect the debt.

20. By demanding payment and accepting my instrument whilst failing to verify its legal authority, First Source Advantage LLC used false, deceptive, and misleading means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

21. As a result, I transferred value to an entity that never established its legal right to receive or retain such value. I now seek the return of this value of $3,858.47 in Federal Reserve Notes (U.S. Dollars), along with any additional relief the Court deems just and proper

VI.   Count 2: VIOLATION 15 U.S.C. § 1692e(2)(A)

22. I incorporate Paragraphs 1 through 13 as if fully stated herein by reference.

23. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making false representations regarding "the character, amount, or legal status of any debt."

24. A debt is only legally owed if the entity attempting to collect it has a valid legal claim to do so.

25. If the original creditor discharges, charges off, or transfers a debt, then the original creditor no longer has legal standing to collect on it, and only a properly assigned entity may do so.

26. If a debt collector lacks proper assignment from the original creditor but still demands payment, it misrepresents the legal status of the debt.

27. Respondent demanded and retained payment from me without proving that it was legally assigned the right to collect the debt from American Express.

28. Respondent failed to provide a letter of assignment or any proof of ownership of the alleged debt, making its collection efforts deceptive and misleading.

29. As a result of Respondent's false representation of its authority to collect, I tendered value in the form of a money order that Respondent has wrongfully retained. I now seek restitution in Federal Reserve Notes (U.S. Dollars) in the amount of $3,858.47 along with any additional relief the Court deems just and proper.

VII.   Count 3: VIOLATION 15 U.S.C. § 1692e(2)(A)

30. I incorporate Paragraphs 1 through 13 as if fully stated herein by reference.

31. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making any false representation regarding the amount of any debt.

32. American Express charged off the alleged debt.

33. Following the charge-off, American Express most likely incurred a tax benefit, offsetting the loss.

34. Because American Express received a financial benefit from the charge-off, the full amount claimed to be owed is no longer actually owed.

35. By attempting to collect the full charged-off amount without disclosing this fact, Respondent misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

36. By attempting to collect the full charged-off amount without disclosing this fact, Respondent misrepresented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

37. As a result, I tendered an instrument in good faith to an entity that failed to establish its legal authority to collect. I now seek the return of the value I transferred in the form of Federal Reserve Notes (U.S. Dollars), in the amount of $3,858.47, along with any additional relief the Court deems just and proper.

VIII.   Count 4: VIOLATION 15 U.S.C. § 1692f

38. I incorporate paragraphs 1 through 13 as if fully stated herein by reference.

39. 15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. It is unconscionable for a debt collector to demand payment on a debt that is not actually owed.

41. Respondent demanded and collected payment from me without proving it had the legal authority to do so.

42. By demanding and wrongfully retaining an instrument without verifying its right to collect, Respondent employed an unfair and unconscionable method of debt collection in violation of 15 U.S.C. § 1692f.

43. As a result of Respondent's unfair and unconscionable practices, I tendered value that Respondent has wrongfully retained. I now seek restitution in Federal Reserve Notes (U.S. Dollars) in the amount of $3,858.47 along with any additional relief the Court deems just and proper.

### IX. Count 5: Violation of New York General Business Law § 349(a)

44. I incorporate Paragraphs 1-13 as if fully stated herein by reference.

45. New York General Business Law § 349(a) states that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

46. First Source Advantage LLC is a business entity headquartered in New York and engaged in the business of debt collection, which is an activity covered under GBL § 349.

47. First Source Advantage LLC demanded and accepted payment from me without providing any verification of its legal authority to collect the debt on behalf of American Express.

48. I sent a written request to First Source Advantage LLC, asking for proof of their legal authority to collect the alleged debt; and proof of their authorization to collect debts in Connecticut, where I reside.

49. First Source Advantage LLC failed to respond to my request and never provided any documentation verifying their right to collect the debt.

50. By demanding payment and retaining an instrument without proving its authority, First Source Advantage LLC engaged in deceptive acts and practices in the conduct of its business, in violation of New York General Business Law § 349(a).

51. As a result, I seek the return of the value I tendered of $3,858.47 in the form of Federal Reserve Notes (U.S. Dollars), along with treble damages as permitted by law.

### X.   Count 6: Unjust Enrichment

52. I incorporate Paragraphs 1-13 as if fully stated herein by reference.

53. First Source Advantage LLC demanded and accepted payment from me for an alleged debt, despite failing to provide any proof that it had the legal authority to collect the debt on behalf of American Express.

54. First Source Advantage LLC failed to respond to my request and never provided any documentation verifying its authority to collect the debt.

55. Despite this, First Source Advantage LLC kept my offer of payment.

56. First Source Advantage LLC benefited financially from my payment while failing to establish its legal entitlement to collect the debt.

57. First Source Advantage LLC received and retained the instrument tendered by me, without establishing a lawful basis to do so. Their continued retention of this value constitutes unjust enrichment. I seek restitution in the form of Federal Reserve Notes (U.S. Dollars) in the amount of $3,858.47 as well as any further relief the Court deems just and equitable

### XI.   Prayer for Relief

58. I respectfully request an award of statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for the violations of the Fair Debt Collection Practices Act committed by First Source Advantage LLC.

59. I further request actual damages in the amount of $3,858.47, representing the value I tendered via money order. The combined total of statutory and actual damages amounts to $4,858.47.

60. I further pray that this Honorable Court, in its discretion, consider awarding treble damages pursuant to New York General Business Law § 349(h), as I believe Respondent's actions were willful and knowing. Should the Court grant such relief, the total damages award would amount to $14,575.41 (three times the combined statutory and actual damages). I fully recognize that such an award remains within the sound judgment of this Court.

61. Additionally, I humbly ask for any further relief that this Court may deem just, equitable, and appropriate under the circumstances. I place myself before this Court in full faith that justice will be served in accordance with the law.

Upon information and belief, I verify all herein to be true and demand for a trial by way of jury.

By Laguerre Lensendro
26 Broad st apt 4
Norwalk CT
06851
llensendro@gmail.com
203-433-2141
03/05/2025

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

LAGUERRE LENSENDRO

*claimant*

v

First Source Advantage LLC

*Respondent*

## EXHIBIT INDEX

This Exhibit Index is provided to assist the Court in easily referencing the exhibits submitted in this case. Each exhibit is listed below with a brief description of its contents.

**Exhibit 1** – Debt Collection Letter from **First Source Advantage LLC**, dated **January 27, 2025**.

**Exhibit 2** – Photo of the tender:

- **Page 1** – Front of the tender submitted to **First Source Advantage LLC**.
- **Page 2** – Back of the tender submitted to **First Source Advantage LLC**.

**Exhibit 3** – Short demand letter attached to the tender, requesting:

- **Proof of legal authority** to collect the alleged debt on behalf of **American Express**.
- **Proof of authority** to collect debts within the **State of Connecticut**.

**Exhibit 4 – Proof of Service (Form 3811)** confirming that **First Source Advantage LLC** received the documents sent.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

LAGUERRE LENSENDRO

*claimant*

v

First Source Advantage LLC

*Respondent*

## EXHIBIT INDEX

This Exhibit Index is provided to assist the Court in easily referencing the exhibits submitted in this case. Each exhibit is listed below with a brief description of its contents.

**Exhibit 1** – Debt Collection Letter from **First Source Advantage LLC**, dated **January 27, 2025**.

**Exhibit 2** – Photo of the tender:

- **Page 1** – Front of the tender submitted to **First Source Advantage LLC**.
- **Page 2** – Back of the tender submitted to **First Source Advantage LLC**.

**Exhibit 3** – Short demand letter attached to the tender, requesting:

- **Proof of legal authority** to collect the alleged debt on behalf of **American Express**.
- **Proof of authority** to collect debts within the **State of Connecticut**.

**Exhibit 4 – Proof of Service (Form 3811)** confirming that **First Source Advantage LLC** received the documents sent.

Exhibit 1 Pg 1



January 27, 2025

Firstsource Advantage, LLC
205 Bryant Woods South
Amherst, NY 14228
1-877-426-5514 from
Monday-Friday 8am-7pm Eastern Time
www.firstsourceadvantage.com

To:    LENSENDRO LAGUERRE
26 Broad St Apt 4
Norwalk CT 06851

Reference Number: 71055180

Firstsource Advantage, LLC is a debt collector. We are trying to collect a debt that you owe American Express. We will use any information you give us to help collect the debt.

**Our Information shows:**

You had an American Express account with account number 67003.

| | |
|---|---:|
| As of January 2, 2024, you owed: | $3,858.47 |
| Between January 2, 2024 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited this amount toward the debt: | − $0.00 |
| Total amount of the debt now: | $3,858.47 |

**How can you dispute the debt?**

- Call or write to us by March 6, 2025, to dispute all or part of the debt. If you do not, we will assume that our information is correct.
- If you write to us by March 6, 2025, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or you may write to us without the form. You may also include supporting documents.

**What else can you do**

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by March 6, 2025, we must stop collection until we send you that information. You may use the form below or write to us without the form.
- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.
- Contact us about your payment options.

We are required under certain state and local laws to notify consumers residing in those states or localities of the following rights. This does not contain a complete list of the rights consumers have under federal, state, and local laws.

### Additional Information for California consumers:

California License Number 10897-99.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### Additional Information for Colorado consumers:

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/

Our Colorado address is located at 8690 Wolff Court, Suite 110, Westminster, CO 80031. The telephone number is (303)-920-4763.

COLORADO LAW PROHIBITS CREDIT BUREAUS FROM REPORTING MEDICAL DEBT OR FACTORING MEDICAL DEBT INTO A CREDIT SCORE UNLESS THE CONSUMER REPORT IS TO BE USED IN CONNECTION WITH A CREDIT TRANSACTION THAT INVOLVES, OR THAT MAY REASONABLY BE EXPECTED TO INVOLVE, A PRINCIPAL AMOUNT THAT EXCEEDS THE NATIONAL CONFORMING LOAN LIMIT VALUE FOR A ONE-UNIT PROPERTY AS DETERMINED BY THE FEDERAL HOUSING FINANCE AUTHORITY.

### Additional Information for Massachusetts consumers:

NOTICE OF IMPORTANT RIGHTS:
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

### Additional Information for Minnesota consumers:

This collection agency is licensed by the Minnesota Department of Commerce.

### Additional Information for North Carolina consumers:

NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT COMPANY NUMBER 119500670.

### Additional Information for Tennessee consumers:

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance, State of Tennessee.

### Additional Information for Wisconsin consumers:

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, dfi.wi.gov.

Exhibit 2 pg 2

**Notice:** See reverse side for important information.

Do not send correspondence to this address.

238965139_561_CZFRST02_N1REGFA-71055180-AMX3ME1

CZFRST02
PO Box 1280
Oaks PA 19456-1280

Pay on Demand

January 27, 2025    Pay to the order
                    of : Bearer

LENSENDRO LAGUERRE
26 Broad St Apt 4
Norwalk CT 06851-6185

**How do you want to respond?**
*Check all that apply.*

☐ I want to dispute the debt because I think:
   ☐ This is not my debt.
   ☐ The amount is wrong.
   ☐ Other (please describe on the reverse or attach additional information).

Accepted

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount $ 3,858.47

Make your check payable to Firstsource Advantage, LLC. Include the reference number 71055180.

Three thousand Eight
Hundred Fifty
eight 47/100 dollars

**Mail this form to:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

0011 001137

1 of 1

Exhibit 3

From: Lensendro Laguerre
26 Broad st apt 4
Norwalk CT
06851

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

To: First Source Advantage, LLC
P.O. Box 628
Buffalo, New York
14240-02628

Re: Validation and Verification Request for Alleged Debt
Account/Reference No:71055180

First Source Advantage, LLC,

Attached herein is tender regarding the referenced account.

I am requesting both **validation and verification** of this debt.

1. Additionally I want proof of your legal authority to collect this debt or to collect on behalf of American Express.
2. And proof that you have the authority to collect within the state of CT

Please send all requested documentation to my address above at your earliest convenience.

Sincerely,
Lensendro Laguerre

02-01-2025



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Firstsource Advantage LLC
PO Box 628
Buffalo NY
~~14420~~ 14240-0268

9590 9402 9133 4225 8869 35

2. Article Number (*Transfer from service label*)

1589 0710 5270 2274 3346 04

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

BOX SECTION
FEB 06 2025
BUFFALO, N.Y. 142

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

Exhibit 4.

**USPS TRACKING #**

9590 9402 9133 4225 8869 35

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Laguerre Lensendro
26 Broad St apt 4
Norwalk CT
06851