UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAGUERRE LENSENDRO,<br><br>                Plaintiff,<br><br>-against-<br><br>FIRST SOURCE ADVANTAGE LLC,<br><br>                Defendant. | 1:25-CV-1969 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Laguerre Lensendro, of Norwalk, Connecticut, brings this *pro se* action asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and under state law. He names as the sole defendant First Source Advantage LLC ("FSA"), which, he alleges, is headquartered in Amherst, Erie County, New York. (ECF 1, at 2.) For the following reasons, the Court transfers this action to the United States District Court for the District of Connecticut.

**DISCUSSION**

The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), *see Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 866-68 (2d Cir. 1992) (discussing FDCPA venue under Section 1391(b)(2)), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that FSA is headquartered in Amherst, Erie County, New York. (ECF 1, at 2.) Erie County lies within the Western District of New York. *See* 28 U.S.C. § 112(d). Thus, it appears that FSA resides in the Western District of New York. *See* § 1391(c)(2). Accordingly, it is clear that, under Section 1391(b)(1), the United States District Court for the Western District of New York is a proper venue for this action. It is unclear, however, that FSA also resides in this federal judicial district.[1] Plaintiff alleges that "the wrongful acts and deceptive business practices giving rise to this action originated within the State of New York." (ECF 1, at 2.) Neither that allegation, nor any of the other allegations in Plaintiff's complaint, however, make clear why FSA would also reside, for the purposes of Section 1391(b)(1), within this judicial district, as opposed to one of the other three federal judicial districts within the State of New York, *see* § 112; Plaintiff alleges nothing to suggest that it does. Thus, it is also unclear why, under Section 1391(b)(1), this court would also be a proper venue for this action.

Plaintiff seems to allege that he received a collection notice from FSA at his home in Connecticut. (*Id.* at 2, 11.) He also seems to allege that much, if not, all of his correspondence to FSA regarding his dispute with it, which concerned his payment of a debt to FSA that FSA was collecting for American Express, originated from his home in Connecticut. (*See id.* at 2-8, 11-15.) The State of Connecticut constitutes one federal judicial district – the District of Connecticut. *See* 28 U.S.C. § 86. Thus, it is clear that, under Section 1391(b)(2), the United

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

States District Court for the District of Connecticut is a proper venue for this action. In addition, because Plaintiff alleges that some of FSA's alleged actions originated from its headquarters in Amherst, Erie County, New York (*see* ECF 1, at 2, 11), under Section 1391(b)(2), the United States District Court for the Western District of New York may also be a proper venue for this action. Plaintiff does not allege any facts, however, showing that any of the events giving rise to his claims occurred within this judicial district. Thus, it does not appear that this court is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a federal district court where venue is proper, a court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Most of the underlying events allegedly occurred in Connecticut, where Plaintiff resides and where he seems to allege that he was injured. *See Bates*, 980 F.2d at 866 (holding that a proper venue for a plaintiff's claims under the FDCPA, under Section 1391(b)(2), was the "district in which the

debtor resides and to which a bill collector's demand for payment was forwarded"). Thus, on balance, the United States District Court for the District of Connecticut appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 21, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge